IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINDY MUETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CV-00001-DRH |
| | ) |
| NORRENBERNS FOODS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**ORDER**

This matter is before the Court on the Motion for Leave to File an Amended Answer (Doc 26) filed by the defendant, Norrenberns Foods, on March 17, 2005.  The Motion is **GRANTED.**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading upon leave of court and that leave to amend "shall be freely granted when justice so requires."  The affirmative defense that the defendant wishes to plead is well established.  See Faragher v. City of Boca Raton, 524 U.S. 775 (1998).  The defendant states that it became aware of the affirmative defense during the supervisor's deposition.   While there has been a delay in the filing of the Motion for Leave to file an Amended Answer, there has not been undue delay such that the motion should be denied.   As the Faragher-Ellerth defense in this type of lawsuit is well known, there can be no prejudice to the plaintiff in allowing the defendant to assert it at this stage of the proceedings.  In addition, the plaintiff has essentially argued that the affirmative defense has no merit.  While futility is grounds to deny a motion to amend, the question of whether the affirmative defense has merit is better left to the District Court.  This Court offers no opinion on the ultimate validity of the defense.   If the plaintiff believes that additional

discovery is required, she may file a motion. In filing such a motion, the plaintiff is directed to specify what discovery she may need and how long she requires to conduct further discovery.

The defendant is to file the Amended Answer by May 3, 2005.

**DATED: April 27, 2005.**

<u>**s/ Donald G. Wilkerson**</u><br>
**DONALD G. WILKERSON**<br>
**United States Magistrate Judge**